UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CRAIG JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED BUSINESS MAIL MPLS<br>FEDERAL RESERVE BANK MPLS<br><br>Defendants. | Case No. 16-cv-1040 (ADM/LIB)<br><br><br>**REPORT & RECOMMENDATION** |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff Craig Johnson's ("Plaintiff") application seeking leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. [Docket No. 2]. For the reasons discussed below, it is recommended that Johnson's IFP application be denied and that this action be dismissed.

After review of the application, the Court concludes that Johnson qualifies financially for IFP status. That said, an IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the

speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Johnson's allegations are incomprehensible. In his "Statement of the Claim" section of the complaint form he used, he wrote the following:

> It was agreed upon I picked up the mail for UBM then went to US Bank operation center for years after on 9/17/01 my boses said you work for Airnet only when all planes above US started flying I was rushed to Federal Reserve Bank I suffered an accident Never arrived. Was ordered to C.J. C.S. C.J. without delay I was ordered to to US Bank operations center. I was fired out of Federal Reserve Bank MN checked unit. I was not worked for a year. The clock was a barometer that I was there at UBM 5 ½ years back wages plus a broken neck it was from Dr Carr Rollins my neck and Dr Jay Popping from my head to my [illegible] and accidents.

(Compl., [Docket No. 1], at 4). His "Request for Relief" is similarly incomprehensible. (*Id.*). From these allegations, the Court cannot make out a factual or legal basis for Johnson's claims. It is also entirely unclear why he named these defendants and what they did that was illegal. His complaint is therefore dismissed without prejudice for failure to state a claim.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff Craig Johnson's application for leave to proceed *in forma pauperis*, [Docket No. 2], be DENIED.

2.  Johnson's complaint be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 26 , 2016                     s/Leo I. Brisbois  
                                         LEO I. BRISBOIS  
                                         U.S. Magistrate Judge

NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.